# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

| UNITED STATES OF AMERICA | : | |
|---|---|---|
| VERSUS | : | CRIMINAL NO. 13-105-SDD-RLB |
| ASHLEY D. RICKS-STAMPLEY | : | |

## RULING

### I. FACTUAL BACKGROUND

Pursuant to a plea agreement, Ricks-Stampley pled guilty to two counts of wire fraud and one count of aggravated identity theft.[1] She was sentenced to a term of 81 months and 3 years of supervised release.[2] Ashley Ricks-Stampley now moves to vacate, set aside, or correct her sentence pursuant to 28 U.S.C. § 2255 on the grounds that she is not guilty of aggravated identity theft; she should have been eligible for the "safety valve" provision of 18 U.S.C §3553(f), set forth in Section 5C1.2 of the Sentencing guidelines; her sentence was cruel and unusual punishment; and that there is a possible conflict of interest between the United States Attorney, the presiding Judge, and a law clerk.

### II. LAW AND ANALYSIS

**A. Movant's claim that she is not guilty of identify theft**

The Defendant moves to vacate her sentence on the grounds that she is not guilty of aggravated identity theft. In support of her claim of innocence, the Defendant

---

[1] The Defendant was charged with a multi-count indictment of Count one wire fraud; Count Two wire fraud; Count Three aggravated identity theft.
[2] Ricks-Stampley was sentenced by Judge Shelly Dick to serve 57 months on Counts one and two, to run concurrently, and 24 months on Count Three, to run consecutively to Counts One and Two. The Court ordered a term of 3 years supervised release following incarceration.

1

contends that evidence favorable to her was not used at sentencing; specifically, the government's failure to offer into evidence text messages from her phone which, according to the Defendant, prove her innocence to the count of aggravated identity theft.

In response, the United States argues that the Defendant is guilty of aggravated identity theft evidenced by her stipulated factual basis contained in her plea agreement wherein she acknowledged that she committed aggravated identity theft. Additionally, the Defendant admitted to IRS agents that she had stolen identifications of other persons and used the stolen identifications to prepare and submit tax returns, a violation of 18 U.S.C. §1028(A).

Criminal defendants who enter a guilty plea have a limited ability to challenge their conviction. The Fifth Circuit Court of Appeal held that if a plea agreement contains a waiver whereby the defendant agrees to waive his right to appeal his conviction on 18 U.S.C. §2255 grounds, the "informed and voluntary waiver of post-conviction relief is effective to bar such relief (2255 grounds)."[3] The plea agreement that this Defendant signed states:

> The Defendant hereby expressly waives the right to appeal her conviction and sentence, including any appeal right conferred by Title 18, United States Code, Section 3742, and to challenge the conviction and sentence in any post-conviction proceeding, including a proceeding under Title 18, United States Code, Section 2255, and any modification of sentence pursuant to Title 18, United States Code, Section 3582(c)(2).[4]

---

[3] *U.S. v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994).
[4] Rec. Doc. No. 42, p. 6.

A defendant has the right to challenge the validity of her express waiver if she unknowingly and involuntarily waived her right. The Defendant in this case has not asserted a defense that she received ineffective assistance of counsel and, therefore per her plea agreement, cannot bring a §2255 appeal. Because the Defendant waived her right to an appeal under Title 18, United States Code, Section 2255 when she knowingly and voluntarily signed her plea agreement, and the Fifth Circuit Court of Appeal has found these waivers to prevent post-conviction relief under §2255, Defendant's claim that she is not guilty of the of aggravated identity theft must be denied. Furthermore, Defendant was placed under oath at her arraignment and stated that she was guilty of the charges and agreed to the factual basis.

### B. Availability of the "Safety Valve"

The Defendant also moves to vacate her sentence on the grounds that she should have been eligible for the "safety valve" provision of 18 U.S.C §3553(f), set forth in Section 5C1.2 of the Sentencing Guidelines. In support of this claim, the Defendant contends that the sentence imposed was incorrect because the points calculated for her 5K1.1 motion should qualify her for the safety valve provision, thereby reducing her sentence. Defendant also argues that the one point downward departure should have been greater based on the abundance of information she provided to the prosecution. The Defendant further argues that her restitution should be recalculated because the legal funds in the accounts should not be included in her restitution.

In response, the United States argues that the Defendant does not qualify for the safety valve provision because the safety valve provision only authorizes a sentence below the statutory minimum for certain non-violent, non-managerial drug offenders with

little or no criminal history. Because the Defendant was not charged with a narcotics offense, the safety valve provision does not apply to her case. The United States contends that the downward departure of one level below the guidelines range is appropriate per the information that she provided to the United States in her plea agreement. The United States additionally argues that the calculated restitution accurately reflects the Defendant's offense; furthermore, the Defendant did not contest the restitution amount at the time of sentencing.

Section 5C1.2 of the United States Sentencing Code, the safety valve provision, authorizes the Court to sentence below the statutory minimum if the defendant is charged with certain controlled substance offenses.[5] The Defendant pled guilty to two counts of wire fraud and one count of aggravated identity theft, none of which are offenses relating to controlled substances. Because the Defendant is not charged with an offense to which the safety valve provision would apply, the Court denies Defendant's claim to resentencing based upon the safety valve provision.

Per the plea agreement that the Defendant signed, the United States Attorney filed a motion for a downward departure in exchange for the Defendant's cooperation. The relevant part of the plea agreement reads:

> The United States attorney agrees to inform the Court of Defendant's actions pursuant to this plea agreement. The United States, however, is not obliged, as a condition of this Plea Agreement, to file any motion with the Court, either for a downward departure under Section 5K1.1 of the United States Sentencing Guidelines or to reduce the Defendant's sentence under Rule 35 of the Federal Rules of Criminal Procedure. If a motion is filed, the Court, in its discretion, may or may not reduce the sentence below the guidelines range otherwise applicable.[6]

---

[5] U.S. Sentencing Guidelines Manual § 5C1.2(a) (2009).
[6] Rec. Doc. No. 42, p. 9.

The Court's one-level reduction to the guidelines range appropriately reflects her cooperation with the United States. Furthermore, the plea agreement reflects that the Court has the discretion in reducing the range-the Defendant was not entitled to any reduction. Accordingly, the Court denies Defendant's claim to resentencing based upon an improper calculation of sentencing points.

The Court calculated the amount the Defendant owed in restitution to reflect the more than 100 fraudulent federal tax refunds that she knowingly deposited to the bank accounts of others. The Defendant also failed to raise an objection to the restitution amount during the sentencing. Accordingly, the Court denies Defendant's claim to have the restitution amount recalculated.

### C. Movant's claim that the punishment is "cruel and unusual"

The Defendant moves to vacate her sentence on the grounds that her sentence is cruel and unusual punishment, and that there is a possible conflict of interest between the United States Attorney, the Judge, and a law clerk. In support of her cruel and unusual punishment claim, the Defendant contends that she was given the maximum sentence despite the fact that she was a first time offender with no criminal history; did not have a leadership role in the scheme; the crime was non-violent; that she is not a threat to the safety of the public; and that co-defendants received a lesser sentence. In support of her conflict of interest claim, Defendant argues that, because one of the Judge's law clerks is married to the United States Attorney, there is a possible conflict of interest.

In response, the United States argues that the Defendant received a sentence that appropriately reflected the crime she committed. Because the crime was

committed over a significant amount of time, and the crime involved concealment, the guidelines range sentence was proper and does not constitute cruel and unusual punishment. In response to the claim that there is a possible conflict of interest with the United States Attorney, the Judge, and law clerk, the United States argues that the law clerk in question did not work on the Defendant's case, nor has the law clerk worked on any criminal case or civil cases involving the United States as a party from the beginning of her employment with the Judge's chambers.

The Defendant's plea agreement with the United States reads:

> *The defendant however, reserves the right to appeal the following:* (a) any punishment imposed in excess of the statutory maximum; (b) any punishment which is an upward departure pursuant to the guidelines; and (c) any punishment which is above the guidelines range calculated by the Court.[7]

The sentence imposed was a one level reduction within the guidelines; thus, she was sentenced within the guidelines and has no right to challenge. This does not trigger any of the appeal rights reserved in the plea agreement. As a matter of law, the Defendant's guideline sentence is not cruel and unusual, and this claim is denied.

To prove a Judge's bias, the defendant must prove that the bias "derives from an 'extrajudicial source'"[8], or "the record must evidence a 'deep-seated favoritism or antagonism [on the part of the judge] that would make fair judgment impossible.'"[9] The challenged law clerk is the undersigned's civil law clerk and has never worked on this or any criminal or civil case involving the United States as a party. There is likewise no

---

[7] Rec. Doc. No. 42, pp. 6-7.
[8] *U.S. v. Aldridge*, 561 F.3d 759, 764 (8th Cir. 2009).
[9] *Id.*, quoting *Liteky v. U.S.*, 510 U.S. 540, 555.

evidence by the undersigned to demonstrate "deep-seated favoritism or antagonism."[10] Accordingly, the Court dismisses the Defendant's claim that a conflict of interest affected her sentence.

## III. CONCLUSION

For the reasons set forth above, all of Defendant's claims are either foreclosed by her plea agreement or wholly without merit. The Defendant's *Motion to Vacate, Set Aside, or Correct*[11] sentence is DENIED. Review of the record was sufficient to address the issues so no evidentiary hearing is required.

**IT IS SO ORDERED.**

Signed in Baton Rouge, Louisiana, on July 29, 2014.

_____
**JUDGE SHELLY D. DICK
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**

---

[10] *Id.*
[11] Rec. Doc. No. 36.